## SANCHOO v. HOMESTEAD PROPERTIES
Case No. 82-4173
Eleventh Judicial Circuit, Dade County
March 17, 1983

Jeffrey M. Feuer, for plaintiff.

Michael Marcus, for defendant.

EDWARD S. KLEIN, Circuit Judge.

On January 4, 1981, the Plaintiffs, Mr. and Mrs. Sanchoo, contracted with the Defendant, Homestead Properties, to purchase certain real estate in Dade County, Florida, upon which the seller was to construct a residential dwelling. Attached to and made a part of the agreement for purchase and sale was a "Mortgage Financing Rider" which set forth the procedure for the Sanchoos to obtain a conventional mortgage.

The rider contained the following pertinent undertakings by the Sanchoos:

"I promise to submit my application for a mortgage in the approximate amount of $93,000.00 to a lender you have recommended within ten (10) days of the date of this agreement. I understand this application must be fully completed and signed before it is returned and that all answers must be truthful. I will cooperate fully with both you and the lender and make a good faith attempt to qualify for this mortgage."

\* \* \* \*

"If I do not qualify for a mortgage with the lender within _____ days after my application is submitted, you will have two (2) options and you can choose any one or more of them at your sole discretion: (1) you can extend the _____ day period for such additional time as you choose if I have not qualified within that period; (2) you can recommend another lender and I will apply to them as if they were the original lender named. \*

\*(The blanks in this paragraph were not filled in.)

If I do not qualify with the lender for the full mortgage I have applied for, I agree to accept the mortgage loan commitment offered by the lender (and pay the difference in cash) unless I give you notice otherwise within five (5) days after I have received the commitment offer. If I give you such notice, you will have the same options, stated above, as if I failed to qualify for any mortgage."

\* \* \* \*

"I understand that you are not arranging for my mortgage, nor requiring me to use your recommended lender. This Rider will, however, be deemed void if I elect not to use your recommended lender or if I fail to perform my obligations under this Rider on time, and I will then be required to close as if the agreement were for all cash. I further understand that you are not participating in the decision as to whether or not I will qualify for a mortgage. Obtaining the mortgage is entirely my responsibility.

I will be deemed qualified for purposes of this Rider regardless of conditions attached to the approval relating to matters outside the purchase and sale transaction, matters of title or execution of documents. Any change in my financial condition prior to closing or any other change which results in refusal

of the lender to close the loan shall render this Rider void and I will be required to close for all cash."

\* \* \* \*

"Your recommended institutional lender is: Ameri-First Mortgage Corp. 100 N.E. 2nd Avenue, Miami, Florida."

The terms of the mortgage rider appear to lock the buyers in whether or not they qualify for the full mortgage applied for within a number of days (in this case the number of days being left blank), by giving the seller the option to extend the time for as long as it chooses or to recommend another lender. Nowhere in either the three page "Agreement for Purchase and Sale" or in the "Mortgage Financing Rider," both prepared in printed form by the seller, does it provide unequivocally and in plain and simple language for the return of the purchasers' deposit should they fail to qualify for a mortgage after making a good faith attempt.

The Sanchoos promptly submitted their application to the recommended lender, AmeriFirst Mortgage Corp., and on April 13, 1981 received a letter from AmeriFirst stating "We are very pleased to be able to qualify you for a loan subject to the terms and conditions outlined in this letter." The loan amount was set forth as $60,000.00 and required receipt and approval of certain items from the Sanchoos before "formal approval," among which was "verification of a signed sales contract on two of your properties and a lease agreement on your third property."

Months passed during which the Sanchoos listed their properties with real estate brokers for sale and made every reasonable attempt to obtain the signed sales contracts and lease agreement, but they were unable to do so. In January, 1982, the seller demanded the closing to be effected. When the closing was not held, the seller notified the purchasers of the cancellation of the agreement and retained the $10,000.00 deposit as "liquidated and agreed upon damages."

Thereafter, the Sanchoos instituted this action for return of their deposit, and for interest, costs and attorneys' fees.

Every contract should be read with a view toward giving its provisions a reasonable interpretation. Obviously, a reasonable interpretation of the agreement is that if the purchasers could not qualify for a mortgage after making a good faith attempt, their deposit would be refunded. One cannot be said to have "qualified" for a mortgage where the loan is conditioned upon so restrictive a requirement as the borrower having to obtain binding sales contracts on two of his separate properties and having to obtain a lease agreement on a third. With such a requirement

as a condition for the loan, the purchasers cannot be deemed to have, in fact, qualified for the mortgage. Having made a good faith attempt to satisfy the lender's requirements, and having been unable to meet the conditions, the purchasers, Mr. and Mrs. Sanchoo, are entitled to the return of their deposit, plus interest and costs.

WHEREFORE, IT IS ORDERED AND ADJUDGED as follows:

1. Plaintiffs, Carlos Sanchoo and Bibi Sanchoo, recover from the defendant, Homestead Properties, a general partnership, the sum of Ten Thousand ($10,000.00) Dollars, together with six percent (6%) interest form January 22, 1982, for which let execution issue.

2. The Court reserves jurisdiction to determine the issues of costs and attorneys' fees.